Richard H. STRINGFELLOW, Administrator d.b.n.,c.t.a., of the Estate of James R. Stringfellow, Appellant,

v.

Dorothy BRODERS, Appellee.

No. 2962.

Municipal Court of Appeals for the District of Columbia.

Argued April 16, 1962.

Decided May 25, 1962.

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellant.

Walter W. Johnson, Jr., Washington, D. C., with whom John Alexander, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

MYERS, Associate Judge.

Appellant, administrator of an estate, originated this action in the District Court to recover $3,500 which had been held by decedent and appellee in a joint bank account. At pretrial it was indicated that the amount sought might be about $2,900 and it was agreed that, in the event it would be $3,000 or less, the case should be certified to the Municipal Court.

The parties and their counsel later appeared before a District Court judge for trial. Appellant made his opening statement; appellee countered with a motion for dismissal or, in the alternative, for certification to the Municipal Court. The judge overruled the motion for dismissal and granted the motion for certification. When the case came on for trial in the Municipal Court, appellee moved for dismissal on the ground that the certification was void as the District Court judge had certified the case *after trial had begun,* contrary to statute.[1] The trial judge con-

1. Appellee's position in this matter is inconsistent. Having prevailed on her motion in District Court for certification, she now complains that her motion should not have been granted and that the case was transferred in violation of the statute.

curred and dismissed the action. This appeal followed.

The sole question on appeal is whether this action was certified "prior to trial thereof" as set forth in the statute.[2]

Much of what the United States Supreme Court said in the "Removal Cases"[3] when construing a statute providing for removal of causes "before the trial thereof"[4] in the state courts to the Federal circuit courts is applicable here. In those cases the state court heard and disposed of several preliminary matters before the defendant made a motion to remove. The trial court denied the motion on the ground that the trial had begun. The Supreme Court reversed stating (100 U.S. at p. 473):

"* * * we think it clear that Congress did not intend, by the expression 'before trial,' to allow a party to experiment on his case in the state court, and if he met with unexpected difficulties, stop the proceedings, and take his suit to another tribunal. But, to bar the right of removal, it must appear that the trial had actually begun and was in progress in the orderly course of proceeding when the application was made. No mere at-tempt of one party to get himself on the record as having begun the trial will be enough. The case must be actually on trial by the court, all parties acting in good faith, before the right of removal is gone."

In view of these considerations and after careful review of the transcript of the proceedings before the District Court judge, we are convinced that the case was properly certified "prior to trial." Appellee in the District Court proceeding did not join issue on the merits but only renewed his previous motion to certify,[5] contending that appellant's claim was below the jurisdictional amount of $3,000, and the discussion which followed was directed to this point. No offer of evidence, documentary or otherwise, was made, and the trial, in good faith, never began. The judge, in granting the motion to certify, rule that "The case does not reach the jurisdictional amount and, therefore, under the circumstances I have outlined, the case will be certified to the Municipal Court."[6]

For the reasons stated, we reverse the dismissal of the present action and remand the case for trial in the Municipal Court.

Reversed with directions to grant a trial on the merits.

2. D.C.Code 1961, § 11–756(a): "If, in any action, other than an action for equitable relief, pending on the effective date of this section or thereafter commenced in the United States District Court for the District of Columbia, it shall appear to the satisfaction of the court at any time prior to trial thereof that the action will not justify a judgment in excess of $3,-000, the court may certify such action to the municipal court for the District of Columbia for trial." (Emphasis supplied)

3. Meyer v. Delaware R. R. Construction Co., 100 U.S. 457, 25 L.Ed. 593.

4. 3rd section of the Act of March 3, 1875, 18 Stat. 470: "That whenever either party * * * entitled to remove any suit mentioned in the next preceding section shall desire to remove such suit from a state court to the circuit court of the United States, he or they may make and file a petition in such suit in such State court * * * and before the trial thereof for the removal of such suit into the circuit court * * *." (Emphasis supplied)

5. Tr., District Court, February 23, 1961, p. 4: "Mr. Alexander: May it please the Court, I would like to state that I should make my argument chronologically in a slightly different fashion by making certain motions first to your Honor, but in order that your Honor may understand the factual situation and better understand the motions, I would reply on the merits to begin with." (Emphasis supplied)

6. Tr., District Court, February 27, 1961, pp. 27–28.